IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| HEATHER BRATCHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-00790-DGK |
| ) | |
| FARMERS INSURANCE COMPANY, ) | |
| INC. ) | |
| ) | |
| Defendant. ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

This suit concerns the applicable limits of underinsured motorist ("UIM") coverage under a policy issued by Defendant Farmers Insurance Company, Inc. ("Defendant") for an accident involving Plaintiff Heather Bratcher. On November 5, 2014, a third-party hit Plaintiff while she was driving her parents' car. At the time of the wreck, Plaintiff was an "insured person" under a policy issued to her parents by Defendant. Plaintiff alleges the applicable coverage limit available to her is $500,000; Defendant contends it is $25,000. Plaintiff asserts claims for breach of contract (Count I) and vexatious refusal to pay (Count II).

Now before the Court are the parties' cross motions for summary judgment: Plaintiff's Motion for Partial Summary Judgment, ECF No. 14, and Defendant's Motion for Summary Judgment, ECF No. 12. For the reasons set forth below, Defendant's motion is GRANTED, and Plaintiff's motion is DENIED.

**Undisputed Material Facts**

The Court considers the undisputed material facts in the light most favorable to Plaintiff. On November 5, 2014, Plaintiff was driving a Chevrolet Blazer ("Blazer") owned by her parents,

with their permission, when she was injured in a motor vehicle collision with Angela Miles in Belton, Missouri. *See* Stip. Facts ¶¶ 3, 8, ECF No. 15-1. At the time of the accident, Plaintiff's parents, Bonnie and Keith Bratcher, were the named insureds on Policy No. 19207-43-69 issued by Defendant (the "Policy"). *Id.* at ¶ 1. Plaintiff was listed as a "Driver on Policy" and is an "insured person" under the Policy as explained below; however, Plaintiff is not a "named insured" on the Policy. *Id.* at ¶¶ 9–10. The Blazer was an insured car on the Policy. *Id.* at ¶ 8. The parties stipulate for purposes of summary judgment that Plaintiff's damages from the accident exceed $25,000. *Id.* at ¶ 5.

Angela Miles was insured under her own auto insurance policy with personal injury liability limits of $100,000, which Plaintiff received via settlement with Defendant's permission. *Id.* at ¶ 4. Angela Miles' vehicle qualified as an "underinsured motor vehicle" under the Policy. *Id.* at ¶ 5.

The Declarations of the Policy state that the UIM coverage limits are "$500,000 Each Person/$500,000 Each Occurrence." *Id.* at ¶ 2. However, the Policy contained the following provision regarding UIM coverage:

> We will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an UNDER insured motor vehicle because of bodily injury sustained by an insured person. The bodily injury must be caused by an accident, and arise out of the ownership, maintenance or use of the UNDER insured motor vehicle.
>
> We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements. Further, we will provide insurance for an insured person, other than you or a family member, up to the limits of the Financial Responsibility Law only.

2

> Limits of Liability
>
> . . .
>
> h.  We will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements. **Further, we will provide insurance for an insured person, other than you or a family member, up to the limits of the Financial Responsibility Law only.**

*Id.* at ¶ 6 (emphasis added).  The parties refer to the bolded language as the "step-down provision."

As a general matter, Defendant claims the "Financial Responsibility Law" referenced in the step-down provision clearly refers to Missouri's Motor Vehicle Financial Responsibility Law ("MVFRL"), which provides coverage limits of $25,000 per person.[1]  Df.'s Sugg. in Support of Summ. J. at 6, ECF No. 13 (citing Mo. Rev. Stat §§ 303.020(10), 303.190.2(2)).

The Policy defines "family member" as "a person related to [the named insureds] by blood, marriage or adoption who is a resident of [the named insured's] household."  Stip. Facts at ¶ 13.  Plaintiff does not qualify as Bonnie and Keith Bratcher's "family member" because she did not reside with her parents at the time of the accident.  *Id.* at ¶ 14.  However, Plaintiff qualifies as an "insured person" for purposes of UIM coverage because she was driving her parents' (the named insureds) insured car with their permission at the time of the accident.  *Id.* at ¶ 15.

On March 23, 2017, Kenneth Kyle—the Farmer's claim representative who initially handled Plaintiff's UIM claim—sent a letter to Plaintiff's counsel stating, in part, that "the policy

---

[1] Mo. Rev. Stat § 303.190.2(2) requires coverage of "twenty-five thousand dollars because of bodily injury to or death of one person in any one accident and, subject to said limit for one person, fifty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and twenty-five thousand dollars because of injury to or destruction of property of others in any one accident."  Plaintiff does not dispute the existence of the MVFRL, but rather argues that its limits do not apply to *underinsured* coverage.  *See* Pl.'s Sugg. in Opp. of Summ. J. at 8, ECF No. 17.

3

. . . provides Underinsured Motorist Coverage with limits of $500,000 per person," and that Defendant believes certain reductions to the amount of UIM coverage available are allowable "since UIM coverage is not mandated in Missouri." March 23, 2017, Letter from Kenneth Kyle, Pl.'s Ex. 1 to Ex. B, Sugg. in Support of Summ. J., ECF No. 15.

On December 12, 2018, Kenneth Kyle sent a letter to Plaintiff's counsel which states, in part, as follows:

> You will recall that I sent a letter to you dated March 23, 2017 wherein I provided a certified copy of the Bratcher's Farmers auto policy and advised that the policy provided per person UIM limits of $500,000. At the time we were under the impression that the full $500,000 per person limit would apply to your client's claim since she was rated on the policy.
>
> We have since learned that even though she is rated on the policy, she would still need to meet the definition of "family member" in order for the full per person limit to apply to her claim. If you will refer to the MO 025 1st edition endorsement, you will see under the Insuring Agreement and Limits of Liability sections, we will pay up to the limits of the Financial Responsibility Law only for an insured person other than you or a family member.
>
> The policy defines "family member" as a person related to you by blood, marriage or adoption who is a resident of your household. Based on documents contained in the claim file, Ms. Bratcher did not reside with Keith & Bonnie Bratcher at the time of the accident. As such, only $25,000 in UIM coverage will apply to her claim.

December 12, 2018, Letter from Kenneth Kyle, Pl.'s Ex. 2 to Ex. B, ECF No. 15.

On March 18, 2020, Plaintiff made a written demand on Defendant to pay $500,000 in UIM benefits, which Defendant rejected. Pl.'s Compl. at 4, ECF No. 1. Defendant offered Plaintiff UIM coverage of $25,000 on various occasions in 2020. Plaintiff did not accept the offers and instead filed this lawsuit in state court on September 15, 2021, alleging breach of contract and

vexatious refusal to pay. *See generally id*. This case was subsequently removed.

## Summary Judgment Standard

Summary judgment is appropriate if, viewing all facts in the light most favorable to the nonmoving party, there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Material facts are those facts "that might affect the outcome of the suit under the governing law," and a genuine dispute over material facts is one "such that a reasonable jury could return a verdict for the nonmoving part[ies]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the burden of showing this lack of genuine dispute as to any material fact, *Celotex Corp.*, 477 U.S. at 323, and the Court views the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588–89 (1986). To survive a motion for summary judgment, the nonmoving party must nonetheless substantiate his allegations with "sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (quotation omitted).

## Discussion

Plaintiff moves for partial summary judgment, arguing she is entitled to $500,000 in UIM coverage because the step-down provision does not apply. Alternatively, if the Court finds the step-down provision applies, Plaintiff asks the Court to find the provision ambiguous and construe it in her favor. Meanwhile, Defendant moves for summary judgment on each of Plaintiff's claims: breach of contract (Count I) and vexatious refusal to pay (Count II). Defendant argues Plaintiff is only entitled to $25,000 in UIM coverage because (1) the step-down provision applies, and (2) the

Policy is clear and unambiguous as to such.

## I. The step-down provision applies and limits Plaintiff's UIM coverage to $25,000.

Plaintiff argues the step-down provision does not apply to UIM coverage since the MVFRL does not mandate UIM coverage or contain a minimum limit for UIM coverage. Stated differently, she argues a step-down provision "based on coverage limits for [other types] of insurance cannot reduce the [UIM] coverage limits available to [her]." Pl.'s Sugg. in Support of Summ. J. at 7. While Defendant concedes the MVFRL does not mandate UIM coverage, it argues that a policy can adopt recovery limits outlined in the MVFRL regardless. *See* Df.'s Sugg. in Support of Summ. J. at 9.

Because this case arises under the Court's diversity jurisdiction, Missouri law governs the Court's construction of the Policy. *See J.E. Jones Const. Co. v. Chubb & Sons, Inc.*, 486 F.3d 337, 340 (8th Cir. 2007). Under Missouri law, the interpretation of an insurance policy is a question of law, and "[t]he general rules for interpretation of contracts apply to insurance policies." *Progressive Cas. Ins. Co. v. Morton*, 140 F. Supp. 3d 856, 860 (E.D. Mo. 2015). "Because Missouri does not require underinsured motorist coverage, the existence of the coverage [is] determined by the insurance contract." *Lang v. Farmers Ins. Co., Inc.*, No. 4:14-cv-00501-HFS, 2015 WL 12731922, at *3 (W.D. Mo. June 1, 2015) (citation omitted).

Missouri courts routinely uphold the application of step-down provisions in insurance contracts, even where a "policy define[s] the lower limit only by the financial responsibility law." *Shelter Mut. Ins. Co. v. Am. Fam. Mut. Ins. Co.*, 210 S.W.3d 338, 344 (Mo. Ct. App. 2006) (holding limits set forth in the step-down provision applied to permissive driver of an insured vehicle); *see also Trantham v. Old Republic Insurance Co.*, 797 S.W.2d 771 (Mo. App. E.D.1990) (upholding a policy listing only the minimum requirements of Missouri's financial responsibility law). While

6

Plaintiff argues *Shelter* is inapposite because it deals with property damage insurance, not UIM coverage, this argument is not persuasive. Insurance companies are free to create their own contracts and set forth the limits prescribed therein. *See Noll v. Shelter Insurance Co.*, 774 S.W.2d 147, 151 (Mo. banc 1989) (holding that in the absence of public policy considerations, an insured and an insurer are free to define and limit coverage by their agreement in the absence of public policy considerations); *Mendelson v. McLaughlin*, No. ED 110315, 2022 WL 16936101, at *4 (Mo. Ct. App. Nov. 15, 2022) (holding a policy's UIM household exclusion that reduced plaintiff's UIM coverage from $500,000 to $25,000 was valid and not contrary to public policy); *Rodriguez v. Gen. Acc. Ins. Co. of Am.*, 808 S.W.2d 379, 383 (Mo. 1991) (Because "[t]here are no statutory requirements in Missouri for [UIM coverage,] . . . the existence of the coverage . . . [is] determined by the contract entered between the insured and the insurer."). In this case, the step-down provision incorporates by reference the limits of the MVFRL, so it is clear enough that the term "limits of the Financial Responsibility Law" as used in the provision means $25,000.

Plaintiff's argument otherwise is unavailing because the caselaw she heavily relies on is not particularly applicable here. *Maxam v. American Family Mutual Insurance Company* concerns an attempt by a plaintiff to create UIM coverage out of the MVFRL statute, 504 S.W.3d 124, 129–30 (Mo. Ct. App. 2016), rather than use the statute to incorporate by reference a coverage limit amount, which is what the policy in this case does. And the referenced footnote in *Shields v. Farmers Insurance Company, Inc.* simply reiterates that UIM coverage is not required in Missouri, which Defendant does not dispute. 948 S.W.2d 247, 245 n.1 (Mo. Ct. App. 1997).

The Declarations of the Policy here granted $500,000 in UIM coverage, and the step-down provision reduced coverage "up to the limits of the Financial Responsibility Law only." Since the language of the Policy controls, the step-down provision applies, limiting Plaintiff to $25,000 in

UIM coverage.

**II.  The Policy is unambiguous.**

Alternatively, Plaintiff argues the Policy is ambiguous since it promises UIM coverage of $500,000 in the Declarations and then later limits coverage according to the MVFRL.  *See* Pl.'s Sugg. in Supp. of Summ. J. at 8-10.  Defendant argues the Policy is clear and unambiguous since there is only one "Financial Responsibility Law" in Missouri, and it limits recovery to $25,000.

"When construing the terms of an insurance policy, this Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured."  *Morton*, 140 F. Supp. 3d at 860 (quotation omitted).  A court "should not interpret policy provisions in isolation but rather evaluate policies as a whole" and "endeavor to give each provision a reasonable meaning and to avoid an interpretation that renders some provisions useless or redundant."  *Id.* (internal quotations omitted).  "[A]mbiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy.  Language is ambiguous if it is reasonably open to different constructions."  *Id.* at 861 (quoting *Seeck v. Geico Gen. Ins. Co.*, 212 S.W.3d 129, 132 (Mo. 2007)).

The Court finds Plaintiff's argument unpersuasive.  It is standard practice for an insurance policy to grant coverage in one section and further limit it in another section.  *See Mendelson*, 2022 WL 16936101, at *5.  The step-down provision clearly appeared under the "limits of liability" header, emphasizing that coverage would be limited.  And while the limit amount—$25,000—was not listed in the policy itself, the amount was clearly incorporated.  Finally, there is no dispute that Plaintiff was an insured person "other than you or a family member" as defined by the step-down provision.  Thus, while the policy could arguably have been written more clearly, it is not ambiguous.

Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

### III. Defendant is entitled to summary judgment on Plaintiff's vexatious refusal claim.

In Missouri, a cause of action against an insurance company for vexatious refusal to pay is "derivative to a claim for breach of contract." *Hartwell v. Am. Fid. Assurance Co.*, 607 S.W.3d 807, 815 (Mo. Ct. App. 2020). "Therefore, there can be no recovery for vexatious refusal where there is no breach of the insurance policy." *Principal Nat'l Life Ins. Co. v. Rothenberg*, 578 F. Supp. 3d 1046, 1056 (E.D. Mo. 2022); *see also Aziz v. Allstate Ins. Co.*, 875 F.3d 865, 869 (8th Cir. 2017) (applying Missouri law). Given there was no breach of contract here, Plaintiff's vexatious refusal to pay claim fails. Defendant is entitled to summary judgment on Count II.

### Conclusion

Because Defendant has demonstrated it is entitled to summary judgment on both counts, Defendant's motion for summary judgment is GRANTED, and Plaintiff's motion for partial summary judgment is DENIED.

**IT IS SO ORDERED.**

Date: <u>January 9, 2023</u>    <u>/s/ Greg Kays</u>
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT